Argued October 6, 1964, affirmed January 29, 1965

RAMBO *v.* GROSHONG ET UX

399 P. 2d 21

*Robert G. Ringo* and *Michael F. McClain,* Corvallis, argued the cause for appellant. On the briefs were Ringo and Walton, Corvallis.

*Sam Kyle,* Albany, argued the cause for respond-

ents. With him on the brief were Willis, Kyle & Emmons, Albany.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

## O'CONNELL, J.

Plaintiff administratrix brings this action to recover for the death of the decedent Archie Rambo alleged to have been caused as the result of defendants' negligence. Plaintiff appeals from a judgment of involuntary nonsuit. Defendant Standard Oil Company of California is not involved in this appeal.

The decedent was killed when a fuel oil tank toppled over and crushed him. The accident occurred when decedent, then a child of eleven years, was playing with two other children in a garage which was a part of the premises leased by decedent's parents from defendants Groshong. One of the children, a girl of nine years, testified that as the children were playing cowboys and Indians she heard a snapping sound, followed by a cry of warning from the decedent. Before they could escape the tank had fallen upon them killing the decedent instantly.

The tank had been installed by the Groshongs in 1953. They rented the premises to decedent's parents on October 15, 1961. The accident occurred on January 14, 1962.

Plaintiff contends that defendants Groshong owed a duty to plaintiff's decedent and that the duty was violated through the failure to exercise reasonable care in construction and installation of the fuel tank. It does not appear whether the nonsuit was granted on the theory that defendants, as landlords, owed no duty

to the decedent under the circumstances, or on the theory that there was no evidence of negligence. We are of the opinion that the judgment must be sustained on the ground that there was no evidence of defendants' negligence.

■ There was no direct evidence of defendants' negligence. Plaintiff relies upon the doctrine of res ipsa loquitur. Plaintiff is not entitled to prevail under this doctrine unless there is sufficient evidence "to permit reasonable men to conclude that, more likely than not, the event was due to the defendant's negligence." Prosser, Torts, p. 223 (3d ed 1964). The evidence in the present case would not permit the jury to draw that conclusion.

■ It cannot be said that the occurrence was one which ordinarily does not happen without negligence. There is nothing in ordinary experience which would permit the jury to draw the conclusion that negligence is the most likely explanation of the accident. Under some circumstances it would be reasonable to assume that a fuel tank would not ordinarily fall unless the property owner who installed it was negligent in some respect. This might well be a fair inference where the tank is at all times in the control of the property owner. But where, as here, the tank is under the control of others for a substantial period of time, the probability that the accident occurred as a result of the conduct of others is as great as the probability that the accident resulted from defendants' failure to exercise care in the construction or installation of the tank in the first place.

During the period that the lessees were in possession support for the tank, even if non-negligently constructed and installed, could have been weakened by

a variety of causes. The legs supporting the tank may have been bumped out of a safe position by the conduct of the lessees in moving objects in the garage, or by the conduct of children at play, or by the fuel distributor who filled the tank. The wires which had fastened the tank to the garage wall and which had become disengaged (one of the wires could not be found) could have been removed or caused to be detached by persons other than defendants. These and other possible explanations for the fall of the tank make the probabilities at least equal that factors other than defendants' negligence caused the accident.

The judgment is affirmed.